16310, 16335.   FELKER *v.* MONROE HOTEL COMPANY,

and *vice versa.*

The only condition precedent in the stock-subscription contract sued on is in the clause: "No subscription binding until $75,000 in solvent subscriptions have been made." The additional clause, "The hotel to cost not less than $100,000," is a subscription on special terms, or a condition subsequent.

The verdict was amply authorized by the evidence, and none of the special grounds of the motion for a new trial requires a reversal of the judgment.

DECIDED MAY 14, 1925.

Complaint; from Clarke superior court—Judge Fortson. January 24, 1925.

Application for certiorari was denied by the Supreme Court.

*Wolver M. Smith, John J. Strickland,* for plaintiff in error.

*Orrin Roberts, Erwin, Erwin & Nix,* contra.

BROYLES, C. J.   J. H. Felker was sued upon the following contract of subscription:

"$5000.00.   Monroe, Ga., ———, 1920.

"In consideration of the promises of others for the purposes hereinafter shown, I hereby subscribe five thousand dollars for 50 shares of stock in the company to be chartered for the purpose of building, owning, and operating a modern hotel in Monroe, Ga., par value of the stock to be $100 per share. No subscription binding until $75,000 in solvent subscriptions have been made. The hotel to cost not less than $100,000.00. Terms: 10% cash when charter is applied for, 30% when contract is let, 30% 90 days after contract is let, balance 6 months after contract is let. All unpaid subscriptions to bear interest from maturity of installments at 8% per annum. [Signed] J. H. Felker (L. S.)." It appears that the following words in the contract, to wit, "the hotel to cost not less than $100,000.00," were inserted by Felker himself before he signed the contract. Properly construed, this contract contains only one condition precedent, to wit: "No subscription binding until $75,000 in solvent subscriptions have been made." The other clause (inserted by Felker) to wit, "the hotel to cost not less than $100,000.00," is clearly a subscription upon special terms, or a condition subsequent. See, in this connection, Fletcher's Cyc. of The Law of Private Corporations, vol. 2, p. 1263, par. 574, pp. 1265, 1266, and 1267;

*Johnson* v. *Georgia Midland &c. R. Co.,* 81 *Ga.* 725, 728 (8 S. E. 531), and cases cited. We think that the decision in the *Johnson* case is controlling in this case. If Felker (who is an able lawyer) had desired to make the cost of the hotel a condition precedent, he could easily have done so by writing into the contract, "or unless the hotel costs not less than $100,000.00." Instead of doing so, he merely inserted: "the hotel to cost not less than $100,-000.00." As the contract reads, with the insertion, the only condition precedent is that no subscription shall be binding until $75,-000 in solvent subscriptions has been made.

The defendant's general demurrer to the petition was overruled, and to this judgment no exception was taken. Thereafter the plaintiff proved the case as laid, and, under all the facts of the case, none of the alleged errors upon the trial requires a reversal of the judgment overruling the defendant's motion for a new trial.

As the above-stated rulings are controlling in the case, it is unnecessary to pass upon the questions raised by the cross-bill of exceptions.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*